UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANN M MCCRAY,

    Plaintiff,

v.                                          Case No: 5:18-cv-646-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision should be affirmed.

**I.   BACKGROUND**

On August 19, 2015, Plaintiff filed an application for DIB and SSI benefits, alleging disability beginning May 5, 2013. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on August 23, 2017, where both the Plaintiff and an impartial vocational expert testified. (Tr. 39-71). On January 17, 2018, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 22-33). Plaintiff's request for review was denied by the Appeals Council (Tr. 1), and Plaintiff initiated this action on

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

December 27, 2018. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, diabetes, peripheral neuropathy, hypertension, obesity, affective disorder, bipolar disorder, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and drug and/or alcohol abuse. (Tr. 24-25).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 26-27). Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. She must never climb ladders, ropes, or scaffolds; and only occasionally balance, stoop, kneel, crouch, crawl or climb ramps and stairs. She can occasionally reach overhead and frequently reach in other directions; frequently handle, finger and feel; and occasionally operate foot pedals. Plaintiff must avoid temperature extremes, vibration, hazardous machinery, and heights. She can perform simple, routine, repetitive tasks; and can handle ordinary and routine changes in work settings or duties with no fast-paced/quota work such as an assembly line. She is limited to occasional interaction with the public, coworkers, and supervisors; and can maintain attention and concentration for two hours, and then needs a ten-minute break.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as cleaner/housekeeper, photocopy machine operator, and office helper. (Tr. 32-33). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform despite his limitations. (Tr. 32-33). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 33).

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates

against the Commissioner's decision.  *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

### III.   DISCUSSION

#### A.   The ALJ properly evaluated the opinions of Dr. Beverly Jackson, PhD

First, Plaintiff argues that the ALJ erred in his evaluation of the opinions of Dr. Beverly Jackson, PhD. At issue here are a Mental Impairment Questionnaire and letter dated April 2, 2016 (Tr. 509-16) and another Mental Impairment Questionnaire and letter dated August 11, 2017 (Tr. 590-95) in which Dr. Jackson opined that Plaintiff had disabling mental limitations.

The ALJ must state with particularity the weight given to different medical opinions, including non-examining state agency physicians, and the reasons therefor. *Winschel v Comm'r of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). While the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41. The opinion of a non-treating physician, however, is not entitled to any deference or special consideration. See 20 C.F.R. §§ 416.902, 416.927(c)(1), (c)(2).

Even assuming that Dr. Jackson was a treating physician (an issue disputed by the parties), the ALJ articulated good cause for according little weight to her opinions. The ALJ properly noted that Dr. Jackson's reports appeared overstated and inconsistent with the overall medical evidence.

(Tr. 30). As an example, the ALJ noted that while Dr. Jackson stated that Plaintiff has a low IQ or reduced intellectual functioning, there were no specific test results to support that statement. (Tr. 514, 593). Moreover, the ALJ noted that in Dr. Jackson's most recent report, she stated that Plaintiff has satisfactory skills to understand and carry out short and simple instructions, maintain attention for two-hour segments, and make simple work-related decisions—findings which were consistent with limitations included in the mental RFC. (Tr. 30, 592). The ALJ also noted that Plaintiff admitted at the hearing that she saw a psychiatrist once but didn't like him, so she has received mental health care from her primary care physician. (Tr. 30, 59-60). A review of the treatment records from her primary care physician reflect largely normal mental status examinations and stable mental health symptoms on medication. (Tr. 29, 30, 494-97, 539-44, 537, 521-23, 530-31).

Accordingly, substantial evidence supports the ALJ's finding that Dr. Jackson's opinions of disabling limitations were not supported by the record medical evidence. The ALJ also noted that Dr. Jackson's opinions were inconsistent with Plaintiff's own statements regarding her activities of daily living. (Tr. 30, 285-86). Thus, the ALJ articulated good cause for discounting Dr. Jackson's opinions. While this Court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision, to ascertain whether the ALJ's decision is based on substantial evidence, this Court may not decide facts anew or reweigh the evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

### B. The ALJ properly evaluated Plaintiff's subject complaints

Second, Plaintiff contends that the ALJ failed to properly account for Plaintiff's poverty and compliance/noncompliance with treatment. Specifically, in evaluating Plaintiff's subjective

complaints, the ALJ found that Plaintiff's "non-compliance with treatment does not support her allegations." (Tr. 30). The ALJ acknowledged Plaintiff's financial condition and found that Plaintiff's noncompliance "is not fatal on her disability claim," but "it does undermine any potential finding of disability, as proper treatment with consistent therapy and medications will likely benefit the claimant's condition and lessen her symptoms."

When, as here, an ALJ finds that Plaintiff has an impairment that could reasonably be expected to produce her alleged symptoms, then the ALJ must evaluate the intensity and persistence of his alleged symptoms and their effect on his ability to work. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). In evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of his symptoms, the ALJ considers all the evidence, objective and subjective. *See* 20 C.F.R. § 404.1529. The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(3), (4). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, there is no dispute that Plaintiff has conditions that can reasonably be expected to cause limitations. Indeed, that is what the ALJ found. (Tr. 26-27). However, after making that finding, the ALJ properly evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms based on the whole record. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). In performing this evaluation, the ALJ considered Plaintiff's treatment records, objective medical findings, Plaintiff's self-reported activities, as well as Plaintiff's noncompliance with treatment.

First, the ALJ explained that Plaintiff's subjective complaints were not substantiated by the objective medical evidence. (Tr. 49-50). *See* 20 C.F.R. § 404.1529(c)(4) ("SSA will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence . . ."). The ALJ discussed physical examinations revealing normal gait and station, normal motor strength, and normal tone (Tr. 28-29) and improved symptoms with conservative treatment. (Tr. 29). The ALJ also gave moderate weight to the opinion of Dr. Stanley, a state agency consultant who opined that Plaintiff could perform light work with postural, environmental, and manipulative limitations. (Tr. 31, 104-18). And, as discussed above, the ALJ considered Plaintiff's mental health treatment records reflecting largely normal mental status examinations and stable mental health symptoms on medication. (Tr. 29, 30, 494-97, 539-44, 537, 521-23, 530-31). The ALJ also noted various instances when Plaintiff was noncompliant with follow-up visits, diet, home glucose monitoring, and taking medications. (Tr. 28-29).

In addition, the ALJ properly considered Plaintiff's self-reported activities of daily living that were inconsistent with her testimony of disabling limitations. As the ALJ noted, in October 2015, Plaintiff reported *inter alia* working part-time 3 times per week, driving, watching television, and reading. (Tr. 30, 285-86). *See* 20 C.F.R. § 416.929(c)(3)(i) (listing daily activities as a relevant consideration in evaluating intensity and persistence of symptoms and determining extent to which symptoms limit capacity for work).

Accordingly, I submit that the ALJ sufficiently explained his decision to not fully credit Plaintiff's allegations of disabling symptoms. Contrary to Plaintiff's suggestion, the ALJ did not unduly rely on Plaintiff's noncompliance with treatment. Rather, he properly considered Plaintiff's

treatment history together with the other evidence in finding that she could perform a range of light work.  Even if this Court were to disagree with the ALJ's resolution of the factual issues, and would resolve them differently, the ALJ's decision nevertheless must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

**IV.   RECOMMENDATION**

For the reasons stated above, it is **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on January 29, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties